IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


STATE V. PALOMO


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

MARTIN PALOMO, APPELLANT.


Filed July 25, 2017.    No. A-16-1167.


Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed as modified.

Bernard J. Straetker, Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.


PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Martin Palomo pled guilty to four counts: (1) driving while under the influence of alcohol/drug (DUI), first offense, a Class W misdemeanor; (2) willful reckless driving, a Class III misdemeanor; (3) operating a motor vehicle to avoid arrest-felony, a Class IV felony; and (4) obstructing a peace officer, a Class I misdemeanor. The district court for Scotts Bluff County imposed an aggregate sentence of 3 years and 60 days' imprisonment, 9 months' post-release supervision, a $400 fine, and a 6-month license revocation. Palomo argues that the district court imposed an excessive sentence. The State contends that the sentences were not excessive, but do involve plain error. We affirm Palomo's sentences as modified to correct plain error.

### BACKGROUND

On September 29, 2016, the State filed an information charging Palomo with seven counts: (1) "DWI" with refusal, first offense, a Class W misdemeanor, pursuant to Neb. Rev. Stat.

§ 60-6,196 (Reissue 2010); (2) refusal to submit to chemical test, first offense, a Class W misdemeanor, pursuant to Neb. Rev. Stat. § 60-6,197 (Cum. Supp. 2016); (3) willful reckless driving, a Class III misdemeanor, pursuant to Neb. Rev. Stat. § 60-6,214 (Reissue 2010); (4) operating a motor vehicle to avoid arrest-felony, a Class IV felony, pursuant to Neb. Rev. Stat. § 28-905(3) (Reissue 2016); (5) leaving the scene of an accident (unattended vehicle), a Class II misdemeanor, pursuant to Neb. Rev. Stat. § 60-696 (Reissue 2010); (6) obstructing a peace officer, a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-906 (Reissue 2016); and (7) no operator's license, a Class III misdemeanor, pursuant to Neb. Rev. Stat. § 60-484 (Cum. Supp. 2016). We note that Palomo's offenses occurred after August 30, 2015, the effective date of 2015 Neb. Laws, L.B. 605, which changed the classification of certain crimes and made certain amendments to Nebraska's sentencing laws.

On October 7, 2016, the State filed an amended information charging Palomo with counts 1 (now DUI, first offense), 3 (willful reckless driving), 4 (operating a motor vehicle to avoid arrest-felony), and 6 (obstructing a peace officer); and dismissing counts 2, 5, and 7 above. Pursuant to a plea agreement, Palomo pled guilty to counts 1, 3, 4, and 6 of the amended information, in exchange for the State's dismissal of counts 2, 5, and 7, and the State's agreement to not pursue allegations that Palomo was a habitual criminal. According to the factual basis provided by the State,

On September 17, 2016, Trooper Potthast, Trooper Norrie of the Nebraska State Patrol . . . observed a . . . vehicle . . . fail[] to use a turn signal while changing lanes. They then observed the driver discard a lit cigarette from the driver's side window. The troopers . . . initiated a traffic stop. . . .

. . . As Trooper Norrie reached the driver's side door, the male driver them [sic] accelerated, fled from the traffic stop, headed southbound on 10th Street.

The troopers then engaged in a pursuit. During this pursuit the vehicle was noted to be . . . driving left of center, also, ran a red light while traveling 80 miles an hour. Troopers, also, observed failure to use turn signals while turning left off of 10th Street onto Morrison Road.

During that turn Mr. Palomo lost control of the vehicle, slid, and hit a building. The troopers then started giving verbal commands to exit his vehicle. Mr. Palomo opened the door, put out his hand and one leg. . . . Palomo then closed the driver's side door and accelerated the vehicle again and continued eastbound on Morrison Road.

Troopers re-entered the pursuit and observed him. And, Mr. Palomo ran stop signs at the intersection of Morrison Road and 7th Street. He continued, made a left hand turn onto Union Pacific. They . . . watched the vehicle come to a stop in the alleyway at which point [Palomo] bailed from the vehicle and began running on foot.

As troopers engaged in a foot pursuit . . . Trooper Potthast noticed that Mr. Palomo was trying to climb a fence and instructed him to come down off the fence. . . . At that point Mr. Palomo was finally placed under arrest and transported back.

. . . .

. . . While talking with Mr. Palomo they observed the odor of alcoholic beverage coming from his person.

While being transported to the jail Mr. Palomo indicated -- or stated to the troopers that he had a lot to drink. They did not conduct a field sobriety test due to the accident; however, a PBT was administered, the result of .224 grams per 210 liters of Mr. Palomo's breath. All of those events in Scotts Bluff County, Nebraska.

The district court accepted Palomo's guilty plea to counts 1, 3, 4, and 6 of the amended information. Palomo was later sentenced as follows. For DUI, first offense (count 1): 60 days' imprisonment, a $400 fine, and 6 months' revocation/suspension of his driver's license. For operating a motor vehicle to avoid arrest (count 4): 2 years' imprisonment with 66 days' credit for time served; he was also sentenced to 9 months' post-release supervision. For obstructing a peace officer (count 6), 1 year imprisonment. The court noted that count 3 (willful reckless driving) was merged into count 4 (operating a motor vehicle to avoid arrest), "therefore no sentence on [c]ount [3]." See Neb. Rev. Stat. § 28-905(3)(a)(iii). All sentences were ordered to be served consecutively. Accordingly, Palomo received an aggregate sentence of 3 years and 60 days' imprisonment, 9 months' post-release supervision, a $400 fine, and a 6-month license revocation. Palomo now appeals.

## ASSIGNMENT OF ERROR

Palomo assigns as error that the district court imposed an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016).

An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*.

## ANALYSIS

Palomo asserts that the district court imposed an excessive sentence and that upon consideration of all of the appropriate sentencing factors, a lesser sentence would have been more appropriate. The State contends that Palomo's sentences were not excessive, but that the sentences do involve plain error, as discussed below.

Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

Palomo was 44 years old at the time of sentencing. He was divorced and had no dependents. Palomo had a GED and had been working at a fiberglass company for two weeks at the time of his

current offenses, and was working as a Kitchen Trustee at the Scotts Bluff County Detention Center at the time of the presentence investigation (PSI).

As an adult, Palomo has a lengthy criminal history dating back to the late 1980's. He has been convicted of shoplifting, breaking and entering, DUI-first offense, DUI-second offense, DUI-third offense, driving under suspension (3 times), leaving the scene of an accident, joy riding (2 times), felony theft, theft (2 times), attempted auto theft, burglary (3 times), burglary of a habitation, second degree criminal trespass, felony forgery, felony possession of a controlled substance (cocaine), hindering an officer, resisting arrest (4 times), interference with public duties, evading arrest (2 times), obstructing a peace officer, felony interference with a peace officer, and false reporting. Palomo has been incarcerated numerous times, and had been on parole in Wyoming for two weeks at the time of his current offenses; he apparently absconded from parole to come to Nebraska. Regarding his current convictions, Palomo was driving under the influence of alcohol, ran his vehicle into a building, and fled from officers twice in his vehicle and once on foot.

As part of the PSI for his current convictions, the probation officer conducted a level of service/case management index. Palomo was assessed in the "high" risk range to reoffend.

At the sentencing hearing, Palomo's counsel said that Palomo was not asking to be considered for probation, just leniency. Palomo himself addressed the court by saying, "I guess my record speaks for itself. And, I have been in and out of trouble all my life since I have been 17 and I rather just get out of it . . . I just want to get it all over with. I'm tired of being locked up." In his brief, Palomo argues that the offenses were alcohol related and there was documentation contained in the PSI that he recognized that he had a problem with alcohol and that he tried dealing with it prior to his current offenses. He also argues that the maximum sentences imposed upon him were not appropriate primarily due to the fact that following the completion of his sentences he will have to be returned to Wyoming to deal with his parole problems.

The district court said it read the PSI and considered all of the relevant sentencing factors. The court noted Palomo's "extensive" criminal history, and the "fairly extensive car chase" which involved some "very dangerous conduct." The court found that "the circumstances of the crime do appear likely to recur" and since Palomo was facing further incarceration, that probation was not likely to succeed nor was it realistic. It determined that a lesser sentence than imprisonment would depreciate the seriousness of the offense or promote disrespect for the law. The court stated that Palomo was in need of treatment that can best be provided in a correctional setting, and the risk was substantial that during a period of probation, Palomo would engage in additional criminal conduct, and he could not be effectively and safely supervised in a community setting. Therefore, the court concluded there were substantial and compelling reasons to deny probation.

We address the sentence on each count in turn. DUI, first offense (count 1), is a Class W misdemeanor punishable by a mandatory minimum of 7 days' imprisonment and a $500 fine and a maximum of 60 days' imprisonment and a $500 fine. See, Neb. Rev. Stat. § 60-6,197.03(1) (Cum. Supp. 2016); Neb. Rev. Stat. § 28-106 (Reissue 2016). Additionally, when probation is not imposed, the court shall also impose a 6-month revocation of the person's driver's license. See § 60-6,197.03(1). Palomo was sentenced to 60 days' imprisonment, a $400 fine, and 6 months' revocation/suspension of his driver's license. The imposition of a $400 fine, rather than the

mandatory $500 fine, was contrary to the court's statutory authority under § 28-106(1) and constitutes plain error. *Kantaras, supra* (sentence contrary to court's statutory authority appropriate matter for plain error review). We modify the court's sentence to correct the plain error and impose the mandatory $500 fine. See *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015) (affirming sentences as modified to correct plain error).

Operating a motor vehicle to avoid arrest (count 4) is a Class IV felony when, as here, it involves willful reckless operation of a vehicle. See § 28-905(3)(a)(iii). A Class IV felony is punishable by up to 2 years' imprisonment and 12 months' post-release supervision, a $10,000 fine, or both; if imprisonment is imposed, there is a minimum sentence of 9 months' post-release supervision. See Neb. Rev. Stat. § 28-105 (Reissue 2016). Because Palomo's conviction for operating a motor vehicle to avoid arrest involved willful reckless operation of a vehicle, the sentencing court was also required to order a 2-year license revocation, which shall be administered upon sentencing, upon final judgment or any appeal or review, or upon the date that any probation is revoked. See § 28-905(3)(b). Palomo was sentenced to 2 years' imprisonment and 9 months' post-release supervision. The court's failure to order a 2-year license revocation was contrary to the court's statutory authority and constitutes plain error. *Kantaras, supra*. We modify the court's sentence to correct the plain error and order a 2-year license revocation in accordance with § 28-905(3)(b).

Obstructing a peace officer (count 6) is a Class I misdemeanor punishable by up to one year in prison, a $1,000 fine, or both. See, § 28-906; § 28-106. Palomo was sentenced to imprisonment for 1 year; this sentence was within the statutory limits.

Having considered the relevant factors in this case, we find that Palomo's sentences were not excessive, but did involve plain error; we have modified the sentences accordingly.

## CONCLUSION

We affirm Palomo's sentences as modified to correct plain error in counts 1 and 4. The sentencing order shall be modified to state that Palomo is ordered to pay a $500 fine in count 1 (DUI, first offense), and shall have his driver's license revoked for 2 years in count 4 (operating a motor vehicle to avoid arrest).

AFFIRMED AS MODIFIED.