STATE OF NEBRASKA, APPELLANT, V. ROBERT E. LEE, APPELLEE.

467 N.W.2d 661

Filed March 29, 1991.   No. 90-1045.

Susan M. Koenig, Hall County Attorney, for appellant.

David C. Huston, of Paine, Huston, Higgins & Martin, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Defendant pled guilty to a charge of attempted first degree sexual assault, in violation of Neb. Rev. Stat. §§ 28-319(1)(c) and 28-201(1) (Reissue 1989). After the trial court found that defendant was not a mentally disordered sex offender, defendant was sentenced to 5 years' probation.

The trial court ordered that

the defendant shall be placed on probation for a term of 5

years under the usual terms of probation. In addition to the usual terms of probation, the defendant . . . is to serve the following Jail sentences: April 1, 1991, 30 days; January 1, 1992, 30 days; March 1, 1993, 30 days; January 1, 1994, 30 days; April 1, 1995, 30 days; and September 1, 1995, 30 days. Each of these jail terms may be waived by probation.

The State has appealed to this court, pursuant to the provisions of Neb. Rev. Stat. § 29-2320 (Reissue 1989), on the sole ground that the sentence is excessively lenient. We remand the cause for resentencing.

The point is not raised by the parties, but we determine that the sentence of probation, as pronounced by the trial judge, is invalid, and the cause is remanded for the imposition of a proper sentence.

The invalidity of the sentence rests on the provision in the court order that "[e]ach of these jail terms may be waived by probation."

Neb. Const. art. V, § 9, provides: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide; and the judges thereof may admit persons charged with felony to a plea of guilty and pass such sentence as may be prescribed by law." Neb. Rev. Stat. § 29-2262(2) (Cum. Supp. 1988) provides: "The court, as a condition of its sentence [of probation], may require the offender . . . (b) To be confined periodically in the county jail . . . ." Neb. Rev. Stat. § 29-2263(2) (Reissue 1989) provides: "During the term of probation, the court on application of a probation officer or of the offender, or its own motion, may modify or eliminate any of the conditions [of probation]."

It is clear that in probation cases, the jurisdiction to commit offenders to jail, or to release offenders from jail terms, rests solely with the trial court. Jail time is to be imposed by judges. The trial court may not delegate the authority to impose a jail sentence, or to eliminate a jail sentence, to a nonjudge.

The cause is remanded for the imposition of a proper sentence.

REMANDED FOR RESENTENCING.