Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/07/2016 09:07 AM CDT

State of Nebraska, appellee, v.
Cyrus H. Kantaras, appellant.
___ N.W.2d ___

Filed October 7, 2016.    No. S-15-1157.

1. **Sentences: Probation and Parole: Appeal and Error.** Whether a condition of probation imposed by the sentencing court is authorized by statute presents a question of law.

2. **Appeal and Error.** Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

3. **Criminal Law: Legislature: Courts: Sentences.** The power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function.

4. **Sentences.** A sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.

5. **Sentences: Probation and Parole.** When a court sentences a defendant to probation, it may only impose conditions of probation that are authorized by statute.

6. **Probation and Parole.** The power of a court to impose conditions of probation must be strictly construed from the applicable statutes.

7. **Sentences: Probation and Parole.** A sentencing court has no power to impose a period of imprisonment as a condition of probation in the absence of a statutory provision specifically setting forth such power.

8. **Sentences: Appeal and Error.** The Nebraska Supreme Court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced.

9. **Criminal Law: Statutes: Legislature: Time.** If the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that

provided by the amendatory act unless the Legislature specifically provided otherwise.

10. **Constitutional Law: Criminal Law: Legislature: Notice.** The Ex Post Facto Clause of U.S. Const. art. I, § 9, does not concern an individual's right to less punishment, but, rather, the lack of fair notice and governmental restraint when the Legislature increases punishment beyond what was prescribed when the crime was consummated.

11. **Sentences: Time: Appeal and Error.** If a court attempts on remand to increase a sentence from that originally imposed, it should affirmatively provide objective information concerning identifiable conduct on the part of the defendant, occurring after the time of the original sentencing proceeding, upon which any increased sentence is based.

Appeal from the District Court for Buffalo County: William T. Wright, Judge. Sentence vacated, and cause remanded for resentencing.

Aaron M. Bishop, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Wright, J.

## I. NATURE OF CASE

On September 23, 2015, Cyrus H. Kantaras was convicted of distribution of a controlled substance, marijuana, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 2014), a Class III felony. The conviction was based on acts that took place on December 23, 2014. On November 12, 2015, Kantaras was sentenced to probation. Kantaras appeals the terms of his probation as excessive. An issue, raised by the State, is whether the district court exceeded its statutory authority by sentencing Kantaras to 180 days' "incremental" jail time as part of his sentence of probation, contingent upon any possible future violations of the terms of probation.

## II. BACKGROUND

### 1. CHARGE

Kantaras was originally charged with distribution of a controlled substance in a school zone, in violation of § 28-416(4)(a)(ii), a Class II felony. On September 22, 2015, the charge was amended to one count of distribution of a controlled substance, marijuana, in violation of § 28-416(1)(a), a Class III felony.

### 2. PLEA AGREEMENT

On September 22, 2015, Kantaras pled no contest pursuant to a plea agreement in which the State agreed that it would not object to a sentence of probation if Kantaras requested probation. If Kantaras did not request probation, the State would recommend a sentence of 2 to 5 years' imprisonment. The State agreed it would not pursue any potential other charges discovered as a result of the investigation into the matter. Kantaras' plea was accepted, and he was adjudged guilty in an order filed on September 23.

### 3. PRESENTENCE INVESTIGATION REPORT

The presentence investigation report indicated that Kantaras was previously convicted as a juvenile of minor in possession, attempted theft by receiving stolen property, four counts of theft by unlawful taking, and being an uncontrollable juvenile. For the uncontrollable juvenile conviction, Kantaras was sentenced to probation. He was released from probation unsatisfactorily. Kantaras was sentenced to the care and custody of the Office of Juvenile Services for the other convictions, which occurred subsequently to the uncontrollable juvenile conviction.

### 4. SENTENCE

#### (a) Sentencing Hearing

The court pronounced its sentence at the sentencing hearing. It expressed concern that Kantaras had a history of criminal

conduct and that his record did not indicate Kantaras would be very successful on probation. The court explained that it was imposing probation, but with "fairly significant terms and conditions."

At the hearing, the court outlined the terms and conditions of Kantaras' probation, including not associating with persons having a known criminal record or in possession of nonprescribed controlled substances, participating in six counseling programs and six described classes, refraining from consuming liquor or any nonprescribed controlled substance, refraining from frequenting establishments that sell or distribute alcohol except grocery stores or convenience stores, and serving 180 days in the Buffalo County Detention Center, with 2 days' credit, "incremental only."

The court explained that the 180-day "incremental sentencing" was something hanging over Kantaras' head for the entire period of his probation. The court said:

> By incremental sentencing, I mean this, you got 180 days hanging over your head for the entire period of your probation. You screw up, you are going to get sanctioned. You are going to serve some portion of that 180 days. It might be a weekend, it might be a week, it might be a month, it might be the entire 180 days, depending on how badly you screw up.
>
> But what I will tell you is this, if you screw up badly enough, that is, you commit another significant crime, most likely probation isn't going to seek sanctions, they are going it [sic] seek revocation. And if I revoke your probation, we start over from square one as though this hearing never happened, and most likely, you go to prison.

Thus, the court explained that if Kantaras violated his probation "badly enough," it was most likely that the Office of Probation Administration would seek revocation of Kantaras' probation rather than sanctions.

### (b) Sentencing Order

The court issued its sentencing order, which imposed 4 years of probation.

### (c) Commitment Order

The commitment order stated in relevant part:

> [Kantaras] was sentenced by the Honorable William T. Wright as follows: Serve 180 days in the Buffalo County Detention Center with credit for 2 days. All service to be incremental only on the recommendation of probation and the order of the Court. [Kantaras] will serve an immediate 72-hour sanction for any positive test, curfew violation, or failure/refusal to test.

### 5. JAIL TIME AS CONDITION OF PROBATION UNDER § 29-2262(2)(b)

The confines of probation are set forth in the Nebraska Probation Administration Act (the Act),[1] which has twice been recently amended. It was amended on August 30, 2015, after Kantaras' crimes but before sentencing, by 2015 Neb. Laws, L.B. 605. It was again amended during the pendency of this appeal, on April 19, 2016, by 2016 Neb. Laws, L.B. 1094.

### (a) General Conditions of Probation

Section 29-2262(1) of the Act, which has remained unchanged by the recent legislative bills, states in part that "[w]hen a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life." Section 29-2262(2) then presents a list of 20 things that "[t]he court may, as a condition of a sentence of probation, require [of] the offender." Those conditions include things such as undergoing psychiatric treatment,[2] undergoing vocational

---

[1] See Neb. Rev. Stat. §§ 29-2246 to 29-2269 (Reissue 2008, Cum. Supp. 2014 & Supp. 2015) and 2016 Neb. Laws, L.B. 1094, §§ 20 to 22.

[2] § 29-2262(2)(e).

training,[3] refraining from frequenting unlawful or disreputable places or consorting with disreputable persons,[4] and possessing no firearms.[5]

### (b) Jail Time as Part of
### Sentence of Probation

Section 29-2262(2)(b) also sets forth, as a condition of probation, the possibility of requiring the offender to "be confined periodically in the county jail or to return to custody after specified hours." No other section in the Act, either before or after L.B. 605 and L.B. 1094, specifically addresses the power of the court to order jail time as part of a sentence of probation. Section 29-2262(2)(b) was changed by both L.B. 605 and L.B. 1094.

### (i) Jail Time as Condition of
### Probation Before L.B. 605

At the time Kantaras committed the crime of distribution of a controlled substance, before L.B. 605 or L.B. 1094, § 29-2262(2)(b) (Cum. Supp. 2014) allowed the court, as a condition of a sentence of probation, to require the offender to be confined periodically in the county jail or to return to custody after specified hours, but not to exceed, (1) for misdemeanors, the lesser of 90 days or the maximum jail term provided by law for the offense, and (2) for felonies, 180 days.

### (ii) Jail Time as Condition of
### Probation Under L.B. 605

When the Act was amended by L.B. 605 on August 30, 2015, the only change to § 29-2262 was in subsection (2)(b). Under L.B. 605, § 29-2262(2)(b) stated that as a condition of a sentence of probation, the court may require the offender,

---

[3] § 29-2262(2)(f).

[4] § 29-2262(2)(h).

[5] § 29-2262(2)(i).

for misdemeanors, to be confined periodically in the county jail or to return to custody after specified hours, but not to exceed the lesser of 90 days or the maximum jail term provided by law for the offense. The statute no longer provided for jail time as a possible condition of a sentence of probation for persons convicted of felonies.

Neb. Rev. Stat. § 83-1,135.02(2) (Supp. 2015) stated that the changes made to § 29-2262 by L.B. 605 shall "apply to all committed offenders under sentence, on parole, or on probation on August 30, 2015, and to all persons sentenced on and after such date."

### (iii) Jail Time as Condition of Probation After L.B. 1094

As amended by L.B. 1094, § 29-2262(2) now states that the court may, as a condition of a sentence of probation, require "*the offender* . . . (b) [t]o be confined periodically in the county jail or to return to custody after specified hours but not to exceed the lesser of ninety days or the maximum jail term provided by law for the offense." (Emphasis supplied.) Thus, the 90-day maximum jail time applies equally to persons convicted of felonies and those convicted of misdemeanors.

L.B. 1094 also added new subsections (3) and (4) to § 29-2262, which now provide:

> (3) When jail time is imposed as a condition of probation under subdivision (2)(b) of this section, the court shall advise the offender on the record the time the offender will serve in jail assuming no good time for which the offender will be eligible under section 47-502 is lost and assuming none of the jail time imposed as a condition of probation is waived by the court.
>
> (4) Jail time may only be imposed as a condition of probation under subdivision (2)(b) of this section if:
>
> (a) The court would otherwise sentence the defendant to a term of imprisonment instead of probation; and
>
> (b) The court makes a finding on the record that, while probation is appropriate, periodic confinement in

the county jail as a condition of probation is necessary because a sentence of probation without a period of confinement would depreciate the seriousness of the offender's crime or promote disrespect for law.

As for the retroactivity of L.B. 1094, a new subsection (3) was added to § 83-1,135.02. Section 83-1,135.02(3) states that it was the Legislature's intent that the changes made to § 29-2262 "apply to all committed offenders under sentence, on parole, or on probation on or after April 20, 2016, and to all persons sentenced on and after such date."

### III. ASSIGNMENT OF ERROR

Kantaras assigns that the district court abused its discretion by imposing an excessive sentence.

In its brief, the State points out that the portion of the commitment order imposing an incremental jail sentence may be in violation of § 29-2262 (Supp. 2015), as amended by L.B. 605. The State's brief was filed before the passage of L.B. 1094.

### IV. STANDARD OF REVIEW

[1] Whether a condition of probation imposed by the sentencing court is authorized by statute presents a question of law.[6]

### V. ANALYSIS

[2] We agree with the State that the district court committed plain error by imposing 180 days' "incremental" jail time. An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal.[7] Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.[8] A sentence

---

[6] *State v. Lobato*, 259 Neb. 579, 611 N.W.2d 101 (2000).

[7] *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015).

[8] See *id.*

that is contrary to the court's statutory authority is an appropriate matter for plain error review.[9]

[3-6] We begin with the principle that the power to define criminal conduct and fix its punishment is vested in the legislative branch, whereas the imposition of a sentence within these legislative limits is a judicial function.[10] Accordingly, a sentence is illegal when it is not authorized by the judgment of conviction or when it is greater or less than the permissible statutory penalty for the crime.[11] Likewise, when a court sentences a defendant to probation, it may only impose conditions of probation that are authorized by statute.[12] The power of a court to impose conditions of probation must be strictly construed from the applicable statutes.[13]

Section 29-2262(1) states generally, in part, that "[w]hen a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life," and § 29-2262(2) (r) states that the court may require the probationer "[t]o satisfy any other conditions reasonably related to the rehabilitation of the offender." Nevertheless, these general provisions do not confer the power to impose jail time as part of sentences of probation; nor do they confer the power to impose the kind of "incremental" sentence the district court described.

[7] We held in *State v. Nuss*[14] that despite these general provisions, the sentencing court has no power to impose a period

---

[9] See, e.g., *State v. Bartholomew*, 258 Neb. 174, 602 N.W.2d 510 (1999); *State v. Bensing*, 249 Neb. 900, 547 N.W.2d 564 (1996); *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981).

[10] *State v. Stratton*, 220 Neb. 854, 374 N.W.2d 31 (1985).

[11] *State v. Alba*, 13 Neb. App. 519, 697 N.W.2d 295 (2005).

[12] See *State v. Escamilla*, 237 Neb. 647, 467 N.W.2d 59 (1991).

[13] See, *In re Interest of Dustin S.*, 276 Neb. 635, 756 N.W.2d 277 (2008); *State v. Sundling*, 248 Neb. 732, 538 N.W.2d 749 (1995).

[14] See *State v. Nuss*, 190 Neb. 755, 212 N.W.2d 565 (1973). See, also, e.g., *In re Interest of Dustin S., supra* note 13.

of imprisonment as a condition of probation in the absence of a statutory provision specifically setting forth such power. At the time *Nuss* was decided, the Legislature had not yet passed the first version of § 29-2262(2)(b) that specifically allowed jail time as a condition of probation. We held that unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation.[15]

At the time Kantaras was sentenced, under the amendments passed by L.B. 605, there was no statutory authority to impose jail time as a condition of probation for felony offenders. Although before L.B. 605, the Act allowed for up to 180 days' jail time for felony offenders, the retroactivity provision of § 83-1,135.02(2) provided that L.B. 605 was controlling at the time of sentencing. Section 29-2262(2)(b) under L.B. 605 set forth the possibility of jail time as part of the sentence of probation only for misdemeanor offenders.

It is true that L.B. 605 introduced for felony offenders "custodial sanctions" as another tool in the Office of Probation Administration's "matrix" of rewards for compliance and of graduated sanctions for substance abuse and technical violations by those persons sentenced to probation.[16] Before L.B. 605, there was no reference in the Act to jail time as a sanction for a probation violation, as opposed to jail time as part of the original sentences of probation. The Office of Probation Administration was limited in its response to probation violations to seeking revocation of probation. The amendments to the Act indicate the Legislature's intent to allow for intermediate measures to be taken by the Office of Probation Administration before revocation is resorted to.[17] The recent

---

[15] *State v. Nuss, supra* note 14.

[16] See §§ 29-2252(18) and 29-2266(7) and (8).

[17] See L.B. 1094, § 22.

amendments provide for detailed procedures by which these custodial sanctions may be imposed.[18] But a "custodial sanction" under these provisions is distinct from jail time under § 29-2262(2)(b).

It is possible that the sentencing court, in imposing 180 days' "incremental" jail time, was attempting to make some form of advisement as to the possible custodial sanctions under L.B. 605, rather than conditionally imposing such sanctions as part of Kantaras' sentence. But the fact of the matter is that 180 days' "incremental" jail time was pronounced as part of Kantaras' sentence and 180 days' jail time was memorialized in the commitment order.

Even if we were to assume that the Legislature intended the custodial sanctions introduced by L.B. 605 to be retroactive and, further, that such retroactive application of custodial sanctions would not violate ex post facto principles, L.B. 605 did not contemplate that custodial sanctions would entail a prior order as a part of the original sentence of and commitment to probation. The custodial sanctions introduced into the Act by L.B. 605 are set forth in separate statutes concerning the powers of the Office of Probation Administration to reward and sanction its probationers.

There is no reference in the Act, either before or after recent amendments, to "incremental" jail time as described by the sentencing court. The jail time described by § 29-2262(2)(b) has always been for a determinate period, up to the number of days authorized by the statute, imposed because of the severity of the crime or the defendant's criminal history. Jail time under § 29-2262(2)(b) may be ordered to be served "periodically" (sometimes referred to as "intermittently"[19]), but it is a predetermined, periodic service of a definite term of jail time.

[8] In sum, at the time of sentencing, there was no statutory authority to impose jail time, conditional or otherwise, as part

---

[18] See *id.*, §§ 21 and 22.

[19] See *State v. Salyers*, 239 Neb. 1002, 1006, 480 N.W.2d 173, 176 (1992).

of a sentence of probation for felony offenders. Therefore, the portion of Kantaras' sentence imposing jail time as part of his sentence of probation was in excess of the sentencing court's powers and was invalid.[20] We must vacate that portion of the sentence imposing jail time and remand the cause for resentencing.[21] This court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced.[22]

[9] We note that the version of § 29-2262 that controls the court's powers to resentence on remand is that provision as amended by L.B. 1094. The Legislature provided under § 83-1,135.02(3) that the changes made to § 29-2262 by L.B. 1094 were to retroactively "apply to all committed offenders under sentence, on parole, or on probation on or after April 20, 2016, and to all persons sentenced on and after such date." Moreover, § 29-2262 would be applicable to resentencing under the doctrine elucidated in *State v. Randolph*,[23] which requires that if the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise.

At the time Kantaras committed the crime in question, § 29-2262(2)(b) permitted up to 180 days' jail time for

---

[20] See, e.g., *State v. Thorpe*, 280 Neb. 11, 783 N.W.2d 749 (2010); *State v. Lee*, 237 Neb. 724, 467 N.W.2d 661 (1991); *State v. Rolling*, 218 Neb. 51, 352 N.W.2d 175 (1984); *State v. McDermott*, 200 Neb. 337, 263 N.W.2d 482 (1978); *State v. Gaston*, 193 Neb. 259, 226 N.W.2d 355 (1975); *State v. Alba, supra* note 11.

[21] See *id*.

[22] See, *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005); *State v. Mentzer*, 233 Neb. 843, 448 N.W.2d 409 (1989); *McCormick v. State*, 71 Neb. 505, 99 N.W. 237 (1904).

[23] *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971). Accord, *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015); *State v. Bartholomew, supra* note 9.

felony offenders. As amended by L.B. 1094, § 29-2262(2)(b) permits only up to 90 days' jail time for either felony or misdemeanor offenders. As pertains to jail time as a condition of probation for felony offenders, L.B. 1094 mitigated the punishment that was possible under the Act as it existed at the time Kantaras committed the crime. All other provisions of § 29-2262 remained the same. And if a defendant appeals his or her sentence, the sentence is not a final judgment until the entry of a final mandate.[24]

Granted, § 29-2262(2)(b) as it existed at the time of Kantaras' sentencing, provided for no jail time as a condition of probation for felony offenders. Furthermore, the court attempted to impose a conditional custodial sanction, less onerous than the determinative period of jail time of up to 90 days now authorized by L.B. 1094. But no rights attached to the district court's invalid and nonfinal sentence such as would prevent resentencing under L.B. 1094.[25]

[10] The Ex Post Facto Clause of U.S. Const. art. I, § 9, does not bar application of L.B. 1094, because the Ex Post Facto Clause bars only application of a law that "'changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'"[26] The Ex Post Facto Clause does not concern an individual's right to less punishment, but, rather, the lack of fair notice and governmental restraint when the Legislature increases punishment beyond what was prescribed when the crime was consummated.[27] At the time Kantaras committed the crime, § 29-2262 allowed up to 180 days' determinate, but periodic, confinement in the county jail as part of and as a condition of the felony offender's

---

[24] *State v. Duncan, supra* note 23.

[25] See *Breest v. Helgemoe*, 579 F.2d 95 (1st Cir. 1978).

[26] *Johnson v. United States*, 529 U.S. 694, 699, 120 S. Ct. 1795, 146 L. Ed. 2d 727 (2000).

[27] See *Weaver v. Graham*, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981).

sentence of probation. Now, § 29-2262(2)(b) allows up to only 90 days of such confinement. This is not an increase in punishment from the punishment available at the time Kantaras committed the crime.

[11] On remand, the only constitutional restraint is that the court not act vindictively in resentencing.[28] If the court attempts on remand to increase the sentence from that originally imposed, it should affirmatively provide objective information concerning identifiable conduct on Kantaras' part, occurring after the time of the original sentencing proceeding, upon which any increased sentence is based.[29]

Because we remand the cause for resentencing, we do not address Kantaras' excessive sentence argument.

## VI. CONCLUSION

Insofar as the court issued a conditional term of 180 days' jail time as part of its sentence of Kantaras to probation, that portion of the sentence is vacated. We remand the cause for resentencing in conformity with this opinion.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.

STACY, J., concurs.

---

[28] See, *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled in part, Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989); *Bledsoe v. U.S.*, 384 F.3d 1232 (10th Cir. 2004); *Breest v. Helgemoe, supra* note 25; *Com. v. Greer*, 382 Pa. Super. 127, 554 A.2d 980 (1989).

[29] See *id*.