IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. WALKER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

MARCADUS M. WALKER, APPELLANT.

Filed October 10, 2017.    No. A-17-503.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed in part, and in part vacated and remanded with directions.

Thomas C. Riley, Douglas County Public Defender, and Zoë R. Wade for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

BISHOP, Judge.

Marcadus M. Walker pled no contest to two counts: strangulation, a Class IIIA felony (Count I); and attempted possession of a deadly weapon by a prohibited person, a Class II felony (Count II). The district court for Douglas County imposed consecutive sentences of imprisonment for a period of 3 years for Count I and imprisonment for a period of 5 years to 5 years plus 1 day for Count II. Walker argues the district court imposed excessive sentences. The State contends the sentences were not excessive, but that the sentence for strangulation does involve plain error. We affirm Walker's sentence for attempted possession of a deadly weapon by a prohibited person. However, we vacate his sentence for strangulation and remand the cause for resentencing in accordance with this opinion.

BACKGROUND

On July 13, 2016, the State filed an information charging Walker with two counts: (1) strangulation, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-310.01(1) and (2) (Reissue

2016); and (2) possession of a deadly weapon by a prohibited person, a Class ID felony, pursuant to Neb. Rev. Stat. § 28-1206(1)(a) and (3)(b) (Reissue 2016). We note that Walker's offenses occurred after August 30, 2015, the effective date of 2015 Neb. Laws, L.B. 605, which changed the classification of certain crimes and made certain amendments to Nebraska's sentencing laws.

Pursuant to a plea agreement, on February 27, 2017, the State filed an amended information charging Walker with two counts: (1) strangulation, a Class IIIA felony; and (2) attempted possession of a deadly weapon by a prohibited person, a Class II felony, pursuant to § 28-1206(1)(a) and (3)(b) and Neb. Rev. Stat. § 28-201(4)(a) (Reissue 2016). At a hearing on February 27, Walker pled "no contest" to Counts I and II of the amended information. According to the factual basis provided by the State,

> This was a domestic violence situation. The victim reported that she was assaulted by her boyfriend [Walker]. When officers contacted her, she was outside of the apartment area. He was in the apartment -- actually, I believe she was at a neighboring apartment when the police contacted her.
>
> She said that he had pushed her into the water cooler and put his arms around her neck and strangled her. She had trouble breathing. She actually had trouble speaking. Officers observed she was having trouble speaking when they were having contact with her. They also observed physical marks on both sides of her neck.
>
> She produced some text messages where [Walker] was threatening to choke her. She, at that time, reported to the officers that [Walker] had a handgun in the apartment and gave consent to search the apartment.
>
> They went in the apartment. [Walker] was arrested out of the apartment. Ultimately they searched the place and found a handgun underneath the couch where he was seated.
>
> All those events occurred in Douglas County.

The State also offered exhibit 5 into evidence, and it was received without objection. Exhibit 5 contains court records from Tennessee showing that Walker pled guilty to, and was convicted of, two felonies in 2011. The district court accepted Walker's no contest pleas to Counts I and II, and found him guilty of the same.

The sentencing hearing was held on April 21, 2017. On Count I, the district court sentenced Walker to imprisonment for a period of 3 years, with 286 days' credit for time served. On Count II, the district court sentenced Walker to imprisonment for a period of 5 years to 5 years plus 1 day. The sentences in Counts I and II were ordered to run consecutively. An order memorializing the court's sentences was filed that same day. Walker now appeals.

ASSIGNMENT OF ERROR

Walker assigns the district court erred by imposing excessive sentences.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016).

An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal. Plain error may be found on appeal when an error, plainly evident from the

- 2 -

record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*.

ANALYSIS

Walker asserts the district court imposed excessive sentences and that upon consideration of all of the appropriate sentencing factors, lesser sentences would have been more appropriate. The State contends Walker's sentences were not excessive, but that the sentence in Count I (strangulation) did involve plain error, as discussed below.

Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

Walker was 26 years old at the time of sentencing. He was engaged (to the strangulation victim in this case) and they have two children. Walker had a GED and was unemployed due to his confinement. He was previously employed at various businesses such as Air Lite Plastics, McDonald's, Burger King, and a packing plant; his longest "stint of consistent employment" was 10 months.

As an adult, Walker has been convicted of aggravated burglary, theft of property, assault causing bodily harm, possession of less than one ounce of marijuana (twice), possession of drug paraphernalia, failure to appear (twice), operating during suspension (twice), and various traffic offenses. Walker was previously incarcerated in Tennessee for his above convictions of aggravated burglary, theft of property, and assault causing bodily harm. As of March 3, 2017, he also had an active warrant for his arrest for a 2013 robbery in Tennessee. Regarding his current convictions, Walker strangled his girlfriend and was also found to be in possession of a firearm even though he was a prohibited person.

As part of the presentence investigation (PSI) for his current convictions, the probation officer conducted a level of service/case management index. Walker was assessed in the "high" risk range to reoffend.

At the sentencing hearing, Walker's counsel pointed out that Walker's two charges are factually unrelated and there was no indication the weapon was ever used in the "domestic incident." Counsel argued that in the victim impact statement, Walker's girlfriend stated he is a hard worker, often working two, and sometimes three, jobs to support her, their two children, and her two other children. Counsel further argued that with regard to Walker's girlfriend, "you can see from her letter, [she] is begging the Court to allow him to be released so that he can rejoin their family." Counsel asserted that Walker "is a family man" and "if you punish . . . Walker, whether you intend to or not, you also punish his family" who is struggling without him. After noting Walker had grown up in "some unfortunate [and] less than stable circumstances," counsel asked the court to consider probation. In his brief, Walker reiterated the above, and argued "the district court did not carefully account for the devastating consequences . . . Walker's sentences will have on his family." Brief for appellant at 7. He further argues the court failed to properly consider his

background, including his "troubled upbringing" and the fact he had been shot on two separate occasions, resulting in recurring flashbacks and nightmares. (The PSI indicates Walker was shot in the legs when he was committing a robbery (the victim took Walker's gun and shot him), and in 2013 he was shot in the chest when "a guy put a gun to his face.") Walker claims he is remorseful for his actions and also points out that he pled no contest to the charges, and by doing so he "spared the victim and his family the burden of trial." Brief for appellant at 8.

After hearing argument from both counsel, the district court pronounced sentence without explaining its reasoning. We address the sentence for each count in turn.

*Strangulation (Count I).*

Strangulation (Count I) is a Class IIIA felony. Ordinarily, Class IIIA felonies are punishable by up to 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both fine and imprisonment; and requires a minimum of 9 months' post-release supervision if imprisonment is imposed. See Neb. Rev. Stat. § 28-105 (Reissue 2016). However, where, as here, a sentence of imprisonment for a Class IIIA felony offense committed on or after August 30, 2015, is ordered to run consecutively to a sentence of imprisonment for a Class II felony, "the court shall impose an *indeterminate* sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204." Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) (emphasis supplied).

The district court sentenced Walker to a *determinate* sentence of 3 years' imprisonment. As the State correctly points out, the court's failure to impose an *indeterminate* sentence constitutes plain error. Accordingly, we vacate Walker's sentence for strangulation and remand the cause to the district court for resentencing consistent with § 29-2204.02(4). See *State v. Chacon*, 293 Neb. 203, 894 N.W.2d 238 (2016) (vacating defendant's sentence and remanding cause for resentencing consistent with § 29-2204.02(4)).

*Attempted Possession by Prohibited Person (Count II).*

Attempted possession of a deadly weapon by a prohibited person (Count II) is a Class II felony punishable by 1 to 50 years' imprisonment. See, § 28-105; Neb. Rev. Stat. § 29-2204 (Reissue 2016). Walker was sentenced to imprisonment for a period of 5 years to 5 years plus 1 day; this sentence was at the low-end of the statutory limit. Having considered the relevant factors in this case, we find that Walker's sentence was not excessive or an abuse of discretion.

CONCLUSION

For the reasons stated above, we find that the district court did not abuse its discretion in sentencing Walker for attempted possession of a deadly weapon by a prohibited person (Count II), and we affirm that sentence. However, we vacate Walker's sentence for strangulation (Count I) and remand the cause for resentencing in accordance with this opinion.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.