IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. TRUJILLO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TIMOTHY E. TRUJILLO, APPELLANT.

Filed October 31, 2017.    No. A-17-296.

Appeal from the District Court for Scotts Bluff County: LEO DOBROVOLNY, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Stacy C. Bach, of Nossaman Petitt Law Firm, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN Judges.

MOORE, Chief Judge.

INTRODUCTION

Timothy E. Trujillo appeals from his plea-based convictions in the district court for Scotts Bluff County for driving under suspension, second offense; operating a motor vehicle to avoid arrest; and resisting arrest, second offense. On appeal, he assigns error to the court's denial of his request for new appointed counsel. He also asserts that the court erred in finding a factual basis for his plea of no contest to the resisting arrest charge and that the court imposed an excessive sentence. We affirm Trujillo's conviction and sentences for operating a motor vehicle to avoid arrest and resisting arrest, second offense. Due to an issue of plain error in Trujillo's sentence for driving during revocation, we vacate that sentence and remand for resentencing pursuant to statute.

BACKGROUND

On April 14, 2016, the State filed an information in the district court, charging Trujillo with operating a motor vehicle during a revocation period, second offense, in violation of Neb. Rev. Stat. § 60-6,197.06 (Supp. 2015), a Class IIA felony; operating a motor vehicle to avoid arrest, in violation of Neb. Rev. Stat. § 28-905(3) (Reissue 2016), a Class IV felony; and resisting arrest, second offense, in violation of Neb. Rev. Stat. § 28-904(3)(b) (Reissue 2016), a Class IIIA felony. The State later filed an amended information, adding an allegation, pursuant to Neb. Rev. Stat. § 29-2221 (Reissue 2016), that Trujillo was a habitual criminal. Trujillo entered pleas of not guilty to all charges.

On April 15, 2016, the district court appointed a public defender to represent Trujillo. Subsequently, Trujillo sent the court numerous letters expressing dissatisfaction with his appointed attorney and making several requests for the appointment of new counsel. Following hearings on Trujillo's requests, the court filed journal entries on July 27 and September 20, 2016, denying the requests.

On January 17, 2017, a plea hearing was held before the district court. The parties advised the court that Trujillo would plead guilty or no contest to the first three counts of the amended information, and in exchange, the State would dismiss the habitual criminal charge. After the court advised Trujillo of the nature of the offenses and possible penalties, as well as the rights he would be waiving by pleading, Trujillo indicated his understanding of the court's advisement. He also acknowledged his satisfaction with his counsel's "advice and the result." Trujillo then entered pleas of no contest.

The State provided a factual basis for Trujillo's pleas, indicating that the recited events all occurred in Scotts Bluff County. According to the factual basis, on April 3, 2016 at approximately 11:30 p.m., a police officer witnessed a vehicle pull out of the parking lot of a hotel. The officer noticed that the vehicle "had been broadcast earlier" by the police department in connection with "an unauthorized use of a motor vehicle incident" that was being investigated. The officer confirmed "through the Com Center" that the investigation was still active. He activated his overhead emergency light and attempted to conduct a traffic stop on the vehicle, which accelerated and turned right. The officer then activated his emergency siren. The vehicle turned into an apartment complex, drove over a curb onto the street, traveled north, and made another turn, leaving the officer's field of vision for several seconds.

The officer was able to locate the vehicle where it had been parked and noticed a man running from the vehicle. The officer exited the patrol vehicle and chased the man, who tripped on a raised sidewalk and fell to the ground. The man, who was later identified as Trujillo, was handcuffed and searched. When Trujillo was arrested, it required 2 officers to load him into the patrol car, and he was advised several times to relax and stop fighting. Trujillo requested medical attention, and medics responded.

The officer who had pursued the vehicle asked Trujillo "why he took off when indicated to pull over by the police vehicle." Trujillo advised the officer that he did so "because he was suspended." Based on Trujillo's demeanor, the officer was concerned that Trujillo might have been under the influence of something. A check of Trujillo's driving record showed he had several prior

suspensions. Trujillo was then currently serving a 15-year license revocation, effective from July 11, 2014 for a "felony DUI."

Following the State's recitation, the district court asked Trujillo's attorney whether he had any comments concerning the factual basis for Trujillo's pleas of no contest. Trujillo's attorney replied, "Your Honor, [Trujillo] does have some differences with the factual basis; however, he pleads no contest and sees that the State has enough evidence to support a conviction and he will address his differences at sentencing."

The district court then found the factual basis sufficient to support Trujillo's pleas and found beyond a reasonable doubt that Trujillo had waived his right to have a trial; had freely, voluntarily, and intelligently entered his pleas; and understood the charges and possible penalties. The court accepted Trujillo's pleas and found him guilty of the offenses to which he had pled.

On March 1, 2017, a sentencing hearing was held before the district court. The court received exhibits offered by the State showing several of Trujillo's prior convictions for enhancement purposes and heard argument from counsel and a statement from Trujillo. Prior to imposing sentence, the court noted that it was familiar with the case from having handled the pretrial issues and the plea and that it had read and considered the presentence report, as well as "all of those factors which are directed by statute [and] case law for sentencing judges to consider in these types of cases." The court then stated, "The main problem [Trujillo] has is a terrible prior record which shows a consistent unwillingness to change and perform [sic] to society rules. He may do well under supervision, but he can't be placed on supervision the rest of his life in a community setting.

The district court sentenced Trujillo to 2 to 3 years' imprisonment for driving during revocation, second offense. The court gave Trujillo 332 days of credit on this sentence for time served. The court sentenced Trujillo to 2 to 2 years' imprisonment plus a 2 year license revocation following any existing revocation period for operating a motor vehicle to avoid arrest, and sentenced him to 3 to 3 years' imprisonment for resisting arrest, second offense. The district court ordered the three sentences to run consecutively. The court subsequently entered an order memorializing Trujillo's sentences. Trujillo now appeals.

## ASSIGNMENTS OF ERROR

Reordered, Trujillo asserts that the district court abused its discretion in (1) finding a factual basis for accepting his plea of no contest to the resisting arrest charge, (2) not appointing him new counsel, and (3) imposing an excessive sentence.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017).

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Jones, supra*.

ANALYSIS

*Factual Basis for Resisting Arrest Charge.*

Trujillo asserts that the district court abused its discretion in finding a factual basis for accepting his plea of no contest to the resisting arrest charge.

A plea of no contest is equivalent to a plea of guilty. *State v. Wilkinson, supra*. To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. *Id*. When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id*. A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. *Id*.

Trujillo pled no contest to resisting arrest. Pursuant to § 28-904 (1):

A person commits the offense of resisting arrest if, while intentionally preventing or attempting to prevent a peace officer, acting under color of his or her official authority, from effecting an arrest of the actor or another, he or she:

(a) Uses or threatens to use physical force or violence against the peace officer or another; or

(b) Uses any other means which creates a substantial risk of causing physical injury to the peace officer or another; or

(c) Employs means requiring substantial force to overcome resistance to effecting the arrest.

The Nebraska Supreme Court has previously determined that if an individual struggles while officers are working to arrest him, he commits the crime of resisting arrest. In *State v. Campbell*, 260 Neb. 1021, 620 N.W.2d 750 (2001), the Supreme Court found the evidence sufficient to support the defendant's conviction for resisting arrest where she resisted handcuffing and struggled after being informed she was under arrest. See, also, *U.S. v. Sledge*, 460 F.3d 963 (8th Cir. 2006) (finding police had probable cause to arrest defendant for resisting arrest, in violation of Nebraska law, even if initial detention of defendant was illegal, where defendant attempted to run away, struggled before he was handcuffed, and was yelling, screaming, exhibiting resistive behavior after being handcuffed)

Trujillo notes the testimony of a police officer at a preliminary hearing held on July 26, 2016. At that hearing, the officer who pursued Trujillo was asked whether Trujillo resisted the

officer's attempt to arrest him. The officer testified that Trujillo did not "attempt to fight" the process of being handcuffed. Trujillo also notes that the prosecutor stated at the preliminary hearing, "Judge, on the resisting I don't think I have enough on that probably at this point, but [the officer's] testimony to enhance that to felony." The prosecutor went on to argue, however, that there was sufficient evidence, based on Trujillo's behavior on the day in question, to bind the case over on the resisting charge, and he noted evidence submitted at the hearing of Trujillo's previous resisting arrest conviction. Following the preliminary hearing, the district court did find probable cause to believe Trujillo committed the crime of felony resisting arrest, as well as the other crimes at issue, and bound the case over for trial.

The issue before us on appeal, however, is not whether there was sufficient evidence presented at the preliminary hearing to bind the case over for trial. The issue on appeal is whether there was sufficient factual basis to show that Trujillo's plea was entered into understandingly and voluntarily. According to the factual basis in this case, when Trujillo was placed under arrest, 2 police officers were needed to load him into the patrol car and he was advised several times to relax and stop fighting. The district court did not abuse its discretion in finding a factual basis for accepting Trujillo's plea of no contest to the resisting arrest charge.

*Request for New Appointed Counsel.*

Trujillo assigns that the district court abused its discretion in not appointing him new counsel, however he does not specifically argue this assigned error. Trujillo argues but does not assign as error that his trial counsel was ineffective. He argues generally that he was dissatisfied with his attorney's attentiveness to and handling of his case. He also argues that his counsel failed to properly object to the factual basis provided when he entered his plea. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). And, as noted above, when a defendant appeals from a plea-based conviction, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. See *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016).

However, to the extent that Trujillo's assigned error can be viewed as a properly assigned claim of ineffective assistance of counsel, it fails. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.* In the case of an argument presented for the purpose of avoiding procedural bar to a future postconviction proceeding, appellate counsel must present a claim with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *Id.* The record is sufficient to review Trujillo's claims.

To prevail on a claim based on counsel's ineffective assistance, the defendant must show, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), that counsel's performance was deficient. *State v. Mendez-Osorio, supra*. In other words, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A court may address deficient performance and prejudice in either order. *Id*.

When a defendant becomes dissatisfied with court-appointed counsel, unless he or she can show good cause to the court for the removal of counsel, his or her only alternative is to proceed pro se if he or she is competent to do so. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017). An indigent defendant's right to counsel does not give the defendant the right to choose his or her own counsel. *Id*. Mere distrust of, or dissatisfaction with, appointed counsel is not enough to secure the appointment of substitute counsel. *State v. Wabashaw*, 274 Neb. 394, 740 N.W.2d 583 (2007). Trujillo's allegations merely indicate dissatisfaction with his appointed counsel. Accordingly, we find no prejudice. His only specific argument is that his counsel failed to properly object to the factual basis for his plea. We have already determined that the court did not abuse its discretion in accepting the factual basis for the resisting arrest charge. Accordingly, Trujillo's counsel was not deficient for failing to object. This assignment of error is without merit.

*Sentencing*.

Trujillo asserts that the district court erred in imposing an excessive sentence. Trujillo was convicted of operating a motor vehicle during a revocation period, second offense, a Class IIA felony, punishable by a maximum sentence of 20 years' imprisonment and a mandatory 15-year license revocation. Neb. Rev. Stat. § 28-105 (Reissue 2016); § 60-6,197.06. Trujillo was also convicted of operating a motor vehicle to avoid arrest, a Class IV felony, punishable by a maximum sentence of 2 years' imprisonment, a $10,000 fine, or both, plus a mandatory 2-year license revocation. § 28-105; § 28-905(3); Neb. Rev. Stat. § 29-2204.02(4)(b) (Reissue 2016). And, he was convicted of resisting arrest, second offense, a Class IIIA felony, punishable by a maximum sentence of 3 years' imprisonment, a $10,000 fine, or both. § 28-105; § 28-904(3)(b); § 29-2204.02(4)(b). Accordingly, the district court's consecutive sentences of imprisonment for 2 to 3 years for operating a motor vehicle during a revocation period, second offense; 2 to 2 years plus a 2-year license revocation for operating a motor vehicle to avoid arrest, and 3 to 3 years for resisting arrest, second offense were within statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Stone*, 298 Neb. 53, ___ N.W.2d ___ (2017). When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*.

The sentencing court is not limited to any mathematically applied set of factors. *State v. Phillips*, 297 Neb. 469, 900 N.W.2d 522 (2017). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observations of the defendant's demeanor and attitude and all of the facts and circumstances surrounding the defendant's life. *State v. Jackson*, 297 Neb. 22, 899 N.W.2d 215 (2017).

Trujillo argues that the district court failed to provide adequate reasoning for its sentence and did not take into account the fact that he has to assist in caring for 1 biological and 4 step-children. We disagree. At the sentencing hearing, the district court considered the facts of this case, the arguments made by the parties, and the information found in the presentence investigation report (PSR). The court placed particular weight on Trujillo's lengthy prior criminal history. At the time of the PSR, Trujillo was 39 years old. He had a GED. He was not employed but reported that he had been employed with a tree service company earning $10 per hour prior to being placed in custody. According to the PSR, he does not pay child support for any of his children. Trujillo has a lengthy criminal history, which includes convictions in Nebraska for multiple felonies. His record also includes multiple convictions for various offenses in Colorado. On the Level of Service/Case Management Inventory, he scored in the very high risk to reoffend category.

The district court did not abuse its discretion in considering the relevant factors and did not impose excessive sentences. However, the State notes an issue of plain error in connection with Trujillo's sentence for operating a motor vehicle during a revocation period, second offense. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness to the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*.

The State argues that although Trujillo had four prior convictions under § 60-6,197.06, the district court did not revoke his license for 15 years as required by subsection (2) and that its failure to do so constitutes plain error. We agree.

Section 60-6,197.06(2) provides that "the court shall, as part of the judgment of conviction [for operating a motor vehicle during a revocation period], revoke the operator's license of such person for a period of fifteen years from the date ordered by the court." The district court failed to revoke Trujillo's operator's license for a period of 15 years as a part of his sentence for operating a motor vehicle during a revocation period. An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. *State v. Mendez-Osorio*, 297 Neb. 520, 900 N.W.2d 776 (2017). Accordingly, we vacate Trujillo's sentence for the driving during revocation and remand for resentencing on that conviction. When the district court resentences Trujillo for this conviction, it should include as a part of the new sentence the revocation of Trujillo's operator's license for a period of 15 years pursuant to § 60-6,197.06.

## CONCLUSION

The district court did not abuse its discretion in finding a factual basis for Trujillo's plea to resisting arrest, second offense. Trujillo's arguments with respect to his trial counsel are without

merit. We affirm Trujillo's sentences for operating a motor vehicle to avoid arrest and resisting arrest, second offense. We vacate Trujillo's sentence for driving during revocation, and we remand the matter to the district court for resentencing in accordance with §§ 28-105, 29-2204.02, and 60-6,197.06.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.