IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. DURHAM

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RICHARD V. DURHAM, JR., APPELLANT.

Filed April 23, 2019.    No. A-18-958.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge.
Vacated and remanded for resentencing.

Bernard J. Straetker, Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

RIEDMANN, Judge.

INTRODUCTION

Richard V. Durham, Jr., appeals the sentence he received in the district court for Scotts
Bluff County, arguing that the district court abused its discretion and imposed an excessive
sentence. We find that the district court committed plain error by sentencing Durham to a
determinate sentence rather than an indeterminate sentence. We therefore vacate his sentence and
remand the cause for resentencing.

BACKGROUND

In February 2018, the State filed a complaint against Durham in the county court for Scotts
Bluff County, charging him with one count of possession of a controlled substance, to wit, cocaine,
in violation of Neb. Rev. Stat. § 28-416(3) (Reissue 2016); one count of possession of a controlled
substance, to wit, methamphetamine, in violation of § 28-416(3); and one count of operating a

- 1 -

vehicle without an operator's license. Counts I and II were both Class IV felonies, and count III was a Class III misdemeanor. All arose out of an incident that occurred in February 2018. Durham was subsequently bound over to the district court where he was arraigned on an information charging him with the same three counts. Durham pled not guilty to all counts.

In July 2018, Durham reached a plea agreement with the State in which he agreed to plead no contest to one count of possession of a controlled substance, methamphetamine, and the State dismissed the other charges. As part of the plea, the State provided a factual basis, stating that Durham was stopped while operating a vehicle for failing to use his turn signal and driving in the wrong lane of traffic. While Durham was reaching for his identification, a baggie with white residue came out of his pocket. The baggie tested presumptive positive for methamphetamine, and was confirmed to be methamphetamine by the state lab.

Following the State's factual basis, the court accepted Durham's plea of no contest and found him guilty of the charge. In September 2018, he was sentenced to 2 years' imprisonment. Immediately prior to this sentencing, Durham was sentenced to 8 to 10 years' imprisonment on a Class II felony. His sentence of 2 years' imprisonment was to run concurrently with the prior sentence of 8 to 10 years' imprisonment he received in case No. A-18-957.

## ASSIGNMENT OF ERROR

Durham assigns, restated, that the district court abused its discretion and imposed an excessive sentence.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018).

An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017).

Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*.

## ANALYSIS

When imposing a sentence, a sentencing judge should customarily consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017). However, the sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Durham was convicted of a Class IV felony, which carries a maximum sentence of 2 years' imprisonment and 12 months' postrelease supervision. Neb. Rev. Stat. 28-105(1) (Reissue 2016). Thus, Durham's sentence was within the statutory guidelines for his offense. However, as noted by the State, Durham received a determinate sentence of 2 years' imprisonment with no period of postrelease supervision, but the district court was required to impose an indeterminate sentence for his offense. Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016) requires a district court to impose an indeterminate sentence for a Class IV felony, when sentencing a defendant consecutively or concurrently with a sentence of imprisonment for a Class II felony.

Here, the district court acknowledged on the record that Durham was being sentence "concurrently with a Class II offense." It then stated that Durham's sentence was to run concurrently with his sentence of 8 to 10 years' imprisonment on this Class II felony. Thus, the district court was required to impose an indeterminate sentence on Durham, and plainly erred in sentencing him to a determinate sentence of 2 years' imprisonment. Therefore, because the district court imposed an improper sentence on Durham, we agree with the State's assertion that his sentence should be vacated and the cause remanded to the district court for resentencing. See *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017) (vacating defendant's sentence and remanding cause for resentencing consistent with § 29-2204.02(4)). Because we are vacating Durham's sentence and remanding the cause to the district court for resentencing, we do not address Durham's claim that the sentence imposed was excessive.

## CONCLUSION

For the reasons set forth above, we find that Durham's sentence of 2 years' imprisonment should be vacated and the cause remanded to the district court for resentencing.

VACATED AND REMANDED FOR RESENTENCING.