Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2017 08:10 PM CST

State of Nebraska, appellee, v.
Anthony P. Dyer, appellant.
___ N.W.2d ___

Filed October 27, 2017.    No. S-16-742.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Sentences: Appeal and Error.** A determination of whether there are substantial and compelling reasons under Neb. Rev. Stat. § 29-2204.02(2)(c) (Supp. 2015) why a defendant cannot effectively and safely be supervised in the community is within the trial court's discretion, and a decision to withhold probation on such basis will not be reversed on appeal absent an abuse of discretion.

Petition for further review from the Court of Appeals, Moore, Chief Judge, and Riedmann and Bishop, Judges, on appeal thereto from the District Court for Lancaster County, John A. Colborn, Judge. Judgment of Court of Appeals affirmed.

Mark E. Rappl for appellant.

Douglas J. Peterson, Attorney General, Erin E. Tangeman, and, on brief, George R. Love for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Per Curiam.

## NATURE OF CASE

Anthony P. Dyer pled no contest to a charge of enticement by electronic communication device in the district court for Lancaster County. The court sentenced Dyer to 2 years' imprisonment and 12 months' postrelease supervision. Dyer appealed his sentence to the Nebraska Court of Appeals and claimed that the district court had imposed an excessive sentence. Dyer argued that because the charge to which he pled was a Class IV felony, Neb. Rev. Stat. § 29-2204.02 (Supp. 2015) required the court to impose a sentence of probation unless there were substantial and compelling reasons why he could not effectively and safely be supervised in the community. Dyer asserted that the district court in this case failed to articulate such substantial and compelling reasons. The Court of Appeals rejected Dyer's arguments and affirmed the sentence imposed by the district court. *State v. Dyer*, 24 Neb. App. 514, 891 N.W.2d 705 (2017).

We granted Dyer's petition for further review. Although we clarify the standards with respect to sentencing pursuant to § 29-2204.02, we agree with the Court of Appeals' ultimate determination that the district court did not abuse its discretion, and we therefore affirm the Court of Appeals' disposition of this appeal.

## STATEMENT OF FACTS

Dyer pled no contest to a charge of enticement by electronic communication device pursuant to a plea agreement in which the State agreed not to pursue any additional charges arising out of the underlying investigation. The factual basis for the plea was, generally, that on November 17 and 18, 2015, Dyer, who was 30 years old at the time, communicated online and through text messages with an investigator Dyer believed to be a 13-year-old girl. The communications included discussion of sexual activity, and Dyer sent a picture of his genitalia to the investigator. Dyer arranged a meeting at a specific location,

and he was arrested when he arrived at the arranged meeting place. The court accepted the plea.

Thereafter, the district court sentenced Dyer to 2 years' imprisonment and 12 months' postrelease supervision. In its sentencing order, the court stated that it found, "pursuant to NEB. REV. STAT. § 29-2260 [(Supp. 2015)]," that

substantial and compelling reasons, as checked on the attached sheet, exist why the defendant cannot effectively and safely be supervised in the community on probation and that imprisonment of the defendant is necessary for the protection of the public because the risk is substantial that, during any period of probation, the defendant would engage in additional criminal conduct and because a lesser sentence would depreciate the seriousness of the defendant's crime and promote disrespect for the law.

The sheet that was attached to, and referenced in, the order stated: "Pursuant to Neb. Rev. Stat. § 29-2260, the court finds the following substantial and compelling reasons (those checked) why the defendant cannot effectively and safely be supervised in the community on probation[.]" Thereunder were listed 21 generically phrased reasons; the court had placed an "X" next to the following 5 of the 21 reasons: (1) "A lesser sentence would depreciate the seriousness of the crime"; (2) "[a] lesser sentence would promote disrespect for the law"; (3) "[i]ncarceration is necessary to protect the safety and security of the public, including the victim(s) in this case"; (4) "[t]he crime caused or threatened serious injury or harm"; and (5) "[t]he circumstances indicate that the defendant understood the consequences of his or her actions and the potential harm to others."

At the sentencing hearing, which was held the same day the sentencing order was entered, the court stated that in determining the appropriate sentence, it had considered the comments of Dyer and his attorney and the information on Dyer's behalf that was included in the presentence report. The

court stated that it could not ignore "the serious nature of this offense and all of the surrounding facts and circumstances," and it recounted various factors it considered. These included the benefits to Dyer of the plea agreement, the results of testing and evaluation of Dyer, and specific facts and circumstances surrounding the offense Dyer committed. The court then stated that it found substantial and compelling reasons why Dyer could not be effectively and safely supervised in the community on probation. The court's comments at the sentencing hearing regarding substantial and compelling reasons were virtually identical to the comments set forth above that were included in the sentencing order.

Dyer appealed to the Court of Appeals, and his sole assignment of error was that the district court imposed an excessive sentence. He argued that the court failed to articulate substantial and compelling reasons, beyond the nature of the crime itself, why probation would not be appropriate. The Court of Appeals rejected Dyer's arguments and affirmed. *State v. Dyer*, 24 Neb. App. 514, 891 N.W.2d 705 (2017).

The Court of Appeals found no abuse of discretion in the sentence imposed. The Court of Appeals noted that under Neb. Rev. Stat. § 28-833 (Reissue 2016), enticement by electronic communication device is a Class IV felony, and that the maximum sentence for a Class IV felony is 2 years' imprisonment and 12 months' postrelease supervision. The sentence imposed was within the statutory limits. The Court of Appeals also noted that § 29-2204.02, which we quote later in the opinion, provides that if a defendant is convicted of a Class IV felony, the court shall impose a sentence of probation unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community. The Court of Appeals further noted that the determination of whether "substantial and compelling reasons" are present under § 29-2204.02 shall be made by reference to, but not limited to, the criteria set forth in Neb. Rev. Stat. § 29-2260(2) and (3) (Supp. 2015), which list grounds

which shall be accorded weight either in favor of or opposed to probation.

With these statutes in mind, the Court of Appeals rejected Dyer's argument to the effect that the district court abused its discretion when it withheld probation based solely on the nature of the crime. Dyer had argued that when the Legislature enacted § 29-2204.02 and related statutes, it intended a presumption of probation for Class IV felonies, including enticement by electronic communication device.

The Court of Appeals found Dyer's argument without merit, because (1) § 29-2260 and, consequently, § 29-2204.02 require regard for the nature of the offense when considering probation versus imprisonment and (2) the district court in this case did not rely solely on the nature of the offense. The Court of Appeals determined that the record showed that the district court considered not only the nature of the offense generally but also the nature of the specific violation in this case, as well as factors such as the substantial risk that Dyer would engage in criminal conduct while on probation, the risk of a lesser sentence depreciating the seriousness of the offense, and the risk of promoting disrespect for the law.

As specific facts in the record that supported its determinations, the Court of Appeals noted that Dyer communicated with a person he believed to be 13 years old, he set up a meeting with that person, and he followed through by showing up at the arranged meeting site with condoms. The Court of Appeals also noted that the district court relied on an evaluation which determined that Dyer's risk for reoffending was in the "moderate-high risk category." The Court of Appeals concluded that although Dyer's sentence was at the maximum, it was within the statutory range, and that the district court did not abuse its discretion when it imposed a sentence of imprisonment rather than probation.

We granted Dyer's petition for further review.

ASSIGNMENT OF ERROR

Dyer claims that the Court of Appeals erred when it affirmed the sentence imposed by the district court, and in particular the district court's decision to impose a sentence of imprisonment rather than probation.

STANDARDS OF REVIEW

[1,2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Jones*, 297 Neb. 557, 900 N.W.2d 757 (2017). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

[3] A determination of whether there are substantial and compelling reasons under § 29-2204.02(2)(c) why a defendant cannot effectively and safely be supervised in the community is within the trial court's discretion, and a decision to withhold probation on such basis will not be reversed on appeal absent an abuse of discretion. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

ANALYSIS

The offense for which Dyer was convicted was a Class IV felony which occurred on November 17 and 18, 2015. Because the relevant portions of § 29-2204.02 became effective August 30, 2015, the sentencing in this case was subject to the provisions of § 29-2204.02 relating to Class IV felonies. Recently, in *State v. Baxter, supra*, we set forth standards to be followed by trial courts when sentencing a defendant for a Class IV felony pursuant to § 29-2204.02 and by appellate courts when reviewing such sentencing. Because the Court of Appeals did not reference *Baxter* in its published opinion in this case, we granted further review to determine whether the Court of Appeals' analysis in this case comports with the principles we set forth in *Baxter*. Although we find it necessary to clarify

certain aspects of the Court of Appeals' analysis, we agree with the Court of Appeals' ultimate conclusion that the district court did not abuse its discretion when it sentenced Dyer to 2 years' imprisonment and 12 months' postrelease supervision.

Dyer's argument regarding the sentence imposed in this case focuses on the district court's decision to impose a sentence of imprisonment rather than probation. Regarding sentencing for a Class IV felony, § 29-2204.02 provides in relevant part:

> (2) If the criminal offense is a Class IV felony, the court shall impose a sentence of probation unless:
>
> (a) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony;
>
> (b) The defendant has been deemed a habitual criminal pursuant to section 29-2221; or
>
> (c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260. Unless other reasons are found to be present, that the offender has not previously succeeded on probation is not, standing alone, a substantial and compelling reason.
>
> (3) If a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided in subsection (1) of this section.

Subsections (2)(a) and (b) of § 29-2204.02 were not relevant in this case, and therefore the district court's decision to withhold a sentence of probation and to sentence Dyer to imprisonment was based on its finding of substantial and compelling reasons to do so under subsection (2)(c).

Dyer argues that the Court of Appeals misconstrued the intent of § 29-2204.02 and related statutes which, he argues, require a presumption of probation. He also argues that § 29-2204.02 and related statutes put the focus on

the characteristics of the defendant and why that particular defendant is not a proper candidate for probation. He contends that certain factors upon which the district court focused, such as "depreciate the seriousness of the crime" and "promote disrespect for the law," incorrectly focused on the nature of the crime rather than the specific defendant. The Court of Appeals found no merit to Dyer's arguments.

In *State v. Baxter*, 295 Neb. 496, 504, 888 N.W.2d 726, 733 (2017), although we did not use a phrase stating that "§ 29-2204.02(2) creates a presumption of probation" as the proper sentence for a Class IV felony, we did note that "§ 29-2204.02(2) effectively adds a general limitation on a court's discretion in choosing between probation and incarceration with respect to a Class IV felony, because it requires a court to impose a sentence of probation for a Class IV felony unless certain specified exceptions are present." While in *Baxter* we indicated that § 29-2204.02 requires a sentence of probation in the absence of one or more of the specified exceptions, we also stated that the trial court has discretion to determine the existence of the exception for "substantial and compelling reasons" set forth in § 29-2204.02(2)(c). But to the extent that the Court of Appeals in this case did not recognize that § 29-2204.02 "tips the balance . . . toward probation" in Class IV felonies, see *Baxter*, 295 Neb. at 506, 888 N.W.2d at 734, we disapprove of its reasoning.

Dyer's argument that § 29-2204.02(2)(c) puts the focus on the characteristics of the defendant has some support in the text of the statute. Section 29-2204.02(2)(c) specifies that the court must find "substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community." Such phrase focuses on the characteristics of the defendant and whether such characteristics indicate that the particular defendant cannot effectively and safely be supervised in the community. But the statute at § 29-2204.02(2)(c) continues by stating that such substantial and compelling reasons include, but are not limited to, "the

criteria in subsections (2) and (3) of section 29-2260," and § 29-2260 includes traditional sentencing criteria, including consideration of the nature of the crime. Therefore, the appropriate considerations under § 29-2204.02(2)(c), when deciding whether the defendant can effectively and safely be supervised in the community, include the traditional reasons that a court is to consider when deciding whether to impose a sentence of imprisonment or a sentence of probation.

As relevant to Dyer's argument in the present case, one criterion set forth in § 29-2260(2) includes: "(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law." Thus, contrary to Dyer's argument that such considerations are inappropriate because they focus on the nature of the crime rather than the specific defendant, the Legislature determined in § 29-2204.02(2)(c) that such criteria are and remain relevant to determining whether the defendant can effectively and safely be supervised in the community.

Dyer further argues that the Court of Appeals' decision is not consistent with *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017), because the district court did not state its reasoning on the record, but instead merely supplied a list of reasons without articulating how the record supported such reasons. In *Baxter*, we were differentiating between § 29-2204.02(2)(c), which requires "substantial and compelling reasons" in order not to grant probation, and § 29-2204.02(3), which requires that "the court shall state its reasoning on the record" as to why probation is denied. As explained in *Baxter*, the court's reasons could also be understood as its reasoning if sufficiently articulated by the court "on the record" when it pronounces sentence or by the court's sentencing order. Applying these standards to our review of the sentencing in this case, we note that in its sentencing order, the district court, having listed what it found to be substantial and compelling reasons why Dyer "cannot effectively and safely be supervised in the community on probation," found that "imprisonment of the defendant is

necessary for the protection of the public." The reasons set forth by the district court were all valid considerations under the language of § 29-2204.02(2)(c).

Although the sentencing order itself merely listed the reasons and did not provide the "reasoning" required by § 29-2204.02(3), the district court's comments at the sentencing hearing filled in the missing pieces of the court's reasoning. The court noted specific findings from the record which we recognize as supporting its determination that substantial and compelling reasons against probation existed under § 29-2204.02(2)(c). We note that at the time the district court sentenced Dyer, it did not have the benefit of our decision in *Baxter*, and therefore the district court was not as explicit in showing its reasoning as a court would be in light of *Baxter*. However, through its comments at the sentencing hearing when combined with the sentencing order, the court set forth the substantial and compelling reasons that it found to exist and it set forth information from the record that supported such reasons. On appeal, we can connect the court's observations as contained in the record to its finding of substantial and compelling reasons, and we see that the record as a whole supports the court's findings. We therefore conclude that the district court did not abuse its discretion when it determined that there were substantial and compelling reasons why Dyer could not effectively and safely be supervised in the community and when it therefore imposed a sentence of imprisonment rather than probation.

Finally, although Dyer's arguments in support of further review focus on the district court's decision to impose a term of imprisonment rather than probation, we also find no error in the Court of Appeals' determination that the district court did not abuse its discretion with regard to the length of the sentence it imposed.

## CONCLUSION

Although we clarify certain standards relating to a sentencing decision under § 29-2204.02, we agree with the Court

of Appeals' ultimate determination that the district court did not abuse its discretion when it sentenced Dyer to imprisonment in this Class IV felony. We therefore affirm the Court of Appeals' disposition of this appeal.

Affirmed.

Miller-Lerman, J., concurring.

I agree with the conclusion that the district court did not abuse its discretion when it sentenced Anthony P. Dyer to 2 years' imprisonment and 12 months' postrelease supervision. I write separately to emphasize certain points regarding the requirements under Neb. Rev. Stat. § 29-2204.02 (Supp. 2015), with respect to a court's decision whether to impose a sentence of probation or a sentence of imprisonment when the defendant has been convicted of a Class IV felony. With certain exceptions, § 29-2204.02 generally requires a court to impose a sentence of probation for a Class IV felony. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). These statutory requirements relative to sentencing for a Class IV felony differ significantly from the same decision when the defendant has been convicted of a felony of a different class.

In Neb. Rev. Stat. § 29-2260(2) (Supp. 2015), the Legislature provided that when a defendant is convicted of "a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required," the sentencing court generally has discretion to impose a sentence of probation rather than a sentence of imprisonment. The statute sets forth factors that, while not controlling the court's discretion, would support a sentence of probation. But § 29-2260(2) limits the court's discretion to impose a sentence of probation when the court has found that for certain reasons, "imprisonment of the offender is necessary for protection of the public."

When the Legislature enacted § 29-2204.02 as part of 2015 Neb. Laws, L.B. 605, it chose to set Class IV felonies apart from other types of crimes with regard to the decision whether to impose a sentence of imprisonment or a sentence of

probation. We stated in *Baxter*, 295 Neb. at 506, 888 N.W.2d at 734, that § 29-2204.02(2) "generally tips the balance in sentencing for a Class IV felony toward probation." It does so by requiring that when the offense is a Class IV felony, "the court shall impose a sentence of probation unless" one or more of the following is present: (1) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony, (2) the defendant has been deemed a habitual criminal, or (3) there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community. § 29-2204.02(2). We further stated in *Baxter* that § 29-2204.02(3) "reinforces this balance [favoring probation] by obligating the court to state its reasoning for withholding probation on the record." 295 Neb. at 506, 888 N.W.2d at 734.

I turn to the sentencing in this case to illustrate the application of § 29-2204.02 in sentencing for a Class IV felony. Pursuant to § 29-2204.02(2), the court was required to sentence Dyer to probation unless it found one of the three circumstances noted above to be present. In this case, as in *Baxter*, the circumstances set forth in § 29-2204.02(2)(a) and (b) were clearly not present, and so the court needed to determine under § 29-2204.02(2)(c) whether there were "substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community." I note that although § 29-2204.02(2)(c) provides that such reasons include, but are not limited to, "the criteria in subsections (2) and (3) of section 29-2260," § 29-2204.02(2)(c) includes two requirements that expand this analysis when sentencing for a Class IV felony beyond what would be required under § 29-2260 when sentencing for any other class of felony or for a misdemeanor.

First, although the reasons listed in § 29-2260 are appropriate considerations under § 29-2204.02(2)(c) and, under § 29-2260, the court is required to find only that the reasons exist, with respect to a Class IV felony under § 29-2204.02(2)(c),

the court must further find that such reasons are "substantial and compelling." Second, while the focus of § 29-2260(2) is on determining whether "imprisonment of the offender is necessary for protection of the public," the focus of § 29-2204.02(2)(c) is on determining whether "the defendant cannot effectively and safely be supervised in the community." I respectfully suggest that, as Dyer urges, this requirement emphasizes the specific characteristics of the defendant rather than the general nature of the crime he or she has committed. In my view, the Legislature has taken into account the general nature of an offense when it classifies the offense, and in § 29-2204.02(2)(c), the Legislature expressed a policy that offenses it has classified as Class IV felonies are the ones for which probation is generally an appropriate punishment, absent specific exceptions relating to the particular defendant. In this respect, I recognize that the manner in which a particular defendant committed an offense, in contrast to the general nature of the offense, can be indicative of that defendant's individual characteristics and therefore relevant to the analysis under § 29-2204.02(2)(c).

In the present case, along with the majority and the Nebraska Court of Appeals, I would conclude that the district court did not abuse its discretion when it found under § 29-2204.02(2)(c) that there were substantial and compelling reasons why Dyer could not effectively and safely be supervised in the community. In this regard, as I read the record, the district court appropriately gave weight to its finding that "the risk is substantial that, during any period of probation, [Dyer] would engage in additional criminal conduct."

At the sentencing hearing, the district court noted facts which supported this finding. This included evidence that Dyer had not only committed the charged offense of enticing by electronic communications a person he thought to be a 13-year-old, he took the further steps of setting up a meeting and followed through by showing up at the arranged meeting place and time. The district court also noted that certain

testing showed Dyer to be in the moderate-to-high category for risk to reoffend. Although Dyer points to other materials indicating that he was at a lower risk, the district court did not abuse its discretion when it gave greater credence to the evidence of a higher risk. Taken together, the parts of the record noted by the district court supported the finding that there was a substantial risk that during a period of probation, Dyer might engage in conduct similar to that shown in this case. And, more to the point of an analysis under § 29-2204.02(2)(c), I believe that such substantial risk constitutes a substantial and compelling reason why Dyer in particular could not effectively and safely be supervised in the community. I believe this consideration in itself is sufficient to support the district court's decision to withhold probation and impose a term of imprisonment; accordingly, I do not think it necessary to examine each reason cited by the district court.

As a general matter, I believe that when a factor such as "a lesser sentence would depreciate the seriousness of the crime and promote disrespect for the law" is cited to support a finding under § 29-2204.02(2)(c), the court should take care to show that such consideration is a substantial and compelling reason why the specific defendant could not effectively and safely be supervised in the community. I recognize that such factors, being considerations listed in § 29-2260(2) and (3), are ones that the Legislature has deemed to be appropriate considerations under § 29-2204.02(2)(c). However, as noted above, the determination with regard to a Class IV felony under § 29-2204.02(2)(c) is different from the determination with respect to any other class of offense under § 29-2260. Thus, the court's invocation of the considerations in § 29-2260(2) and (3) must be specific to the defendant and his or her specific offense and not a determination that the general offense is one that should carry a punishment of imprisonment. Such a generalized determination of the appropriate punishment for an offense is for the Legislature to make when it classifies a statutory offense, and by classifying an

offense as a Class IV felony, the Legislature has indicated in § 29-2204.02(2) its determination that such offense is one for which probation is generally an appropriate punishment, absent specific exceptions.

Finally, I want to note the importance of the "reasoning" requirement of § 29-2204.02(3) to the balance the Legislature created in the statute. As we stated in *State v. Baxter*, 295 Neb. 496, 506, 888 N.W.2d 726, 734 (2017), in § 29-2204.02(2), the Legislature "generally tips the balance in sentencing for a Class IV felony toward probation" and it "reinforces this balance by obligating the court [in § 29-2204.02(3)] to state its reasoning for withholding probation on the record." In this case and in *Baxter*, we have stressed that "reasoning" is more than merely a list of reasons. In this case, the district court attached to its sentencing order a sort of checklist of potential "substantial and compelling reasons" and checked those that it found to be present. A checklist is clearly helpful to a court by guiding its analysis of relevant considerations and by communicating and summarizing its findings, but in my view, courts should not fall into a habit of relying on such a checklist as a substitute for the "reasoning on the record" requirement of § 29-2204.02(3). Instead, reasoning under § 29-2204.02(3) requires analysis of why the record in a specific case supports the court's determination that substantial and compelling reasons exist why the specific defendant cannot effectively and safely be supervised in the community; such analysis is not fulfilled by a checklist of potential reasons on which certain reasons are checked off.

In this case and in *Baxter*, the requirements of § 29-2204.02 were still fairly new at the time of sentencing. In our consideration, we have afforded the sentencing courts some leeway in how explicitly they articulated the connection between the record and the required findings under § 29-2204.02(2)(c), and we have affirmed the sentence if the record as a whole supports proper reasoning, even if the court did not explicitly state its reasoning as required by § 29-2204.02(3). In the future, it

will be more conducive to appellate review if sentencing courts explicitly state their reasoning rather than relying on the appellate court to make the connection.

As we indicated in *Baxter*, the reasoning requirement of § 29-2204.02(3) has the purpose of explaining the court's reasoning to the defendant, and it helps to focus the court's analysis where the court is required to explicitly set forth the reasoning behind its findings which support its decision not to impose probation. Because § 29-2204.02 tips the balance toward probation, as we stated in *Baxter*, "if the court is having difficulty articulating its reasoning for imposing a sentence of imprisonment on the record," it may suggest that "the court should impose a sentence of probation." 295 Neb. at 506, 888 N.W.2d at 734.

After having expressed the foregoing cautions, I agree with the majority's conclusion that the district court did not abuse its discretion in this case, and I therefore concur that the decision of the Court of Appeals on further review should be affirmed.