Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/20/2023 09:06 AM CDT

State of Nebraska, appellee, v.
Clarence Janis, appellant.
___ N.W.2d ___

Filed June 13, 2023.    No. A-22-842.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

2. **Appeal and Error.** Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process.

3. **Sentences: Appeal and Error.** A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review.

4. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.

5. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

6. ____. The court may fulfill the requirement of Neb. Rev. Stat. § 29-2204.02(3) (Reissue 2016) to state its reasoning on the record by a combination of the sentencing hearing and sentencing order.

7. **Sentences: Motor Vehicles: Licenses and Permits: Revocation: Appeal and Error.** When revocation of an operator's license for a specified period of time is mandated by statute and is not discretionary to the sentencing court, an appellate court may modify a sentencing order to include the statutory revocation period when there are no other errors in sentencing which require remand.

Appeal from the District Court for Sheridan County: Travis P. O'Gorman, Judge. Affirmed as modified.

Andrew M. Pope, of Crites, Shaffer, Connealy, Watson, Patras & Watson, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

Moore, Bishop, and Welch, Judges.

Bishop, Judge.

## INTRODUCTION

Clarence Janis pled no contest to one count of operating a motor vehicle to avoid arrest in a willful reckless manner. The Sheridan County District Court sentenced him to 18 months' imprisonment. Janis claims the district court erred in imposing an excessive sentence; the State claims that the court's failure to revoke Janis' driver's license was plain error. We agree there was plain error in sentencing and affirm as modified.

## BACKGROUND

The record on appeal does not include a bill of exceptions for the plea hearing. We therefore look to the transcript and presentence investigation report for the factual background underlying Janis' charges.

On August 5, 2022, a law enforcement officer observed an individual operating a motor vehicle "at a high rate of speed." Multiple police cruisers pursued the vehicle with their lights and sirens activated. The vehicle was operating at speeds of over 100 miles per hour, weaving in and out of its lane of travel, and failing to yield to law enforcement. As the pursuit continued, the vehicle passed two other motorists on the highway who were traveling in the opposite direction. The motorists had to abruptly pull into a ditch to avoid being struck by the vehicle. Law enforcement continued the pursuit for roughly 15 miles, until the driver of the vehicle turned onto

a dead-end road. The driver was identified as Janis; he submitted to a preliminary breath test, the results of which showed he had a blood alcohol content of .165. Two young children were found in the vehicle, as well as their mother.

On August 8, 2022, the State filed a criminal complaint in the county court for Sheridan County charging Janis with three counts: count I, operating a motor vehicle to avoid arrest in a willful reckless manner, a Class IV felony, pursuant to Neb. Rev. Stat. § 28-905(1) (Reissue 2016); count II, willful reckless driving, a Class III misdemeanor, pursuant to Neb. Rev. Stat. § 60-6,214 (Reissue 2021); and count III, child abuse, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-707(1) (Cum. Supp. 2022). According to the county court's September 1 order, the State dismissed the willful reckless driving charge, but the other two counts were bound over to the district court, where an information was filed on September 9. The information contained only the charge that had been set forth in count I. According to the district court's September 16 journal entry, Janis entered a plea of no contest to that charge as a result of a plea agreement. The court found beyond a reasonable doubt that the factual basis supported Janis' plea of no contest, and Janis was found guilty of operating a motor vehicle to avoid arrest in a willful reckless manner. The court ordered a presentence investigation report and scheduled sentencing.

After a hearing held on November 8, 2022, the district court sentenced Janis to 18 months' imprisonment, with credit for 95 days already served.

Janis appeals.

## ASSIGNMENT OF ERROR

Janis assigns as error that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion

by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020).

[2] An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016).

[3] A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

## ANALYSIS

### EXCESSIVE SENTENCE

Janis claims that the district court abused its discretion when it imposed an excessive sentence. Janis was convicted of operating a motor vehicle to avoid arrest in a willful reckless manner, a Class IV felony, which is punishable by up to 2 years' imprisonment and 12 months of post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). There is no minimum sentence or post-release supervision requirement. See *id*. The court sentenced Janis to 18 months' imprisonment, which was within the statutory range. As such, we review the court's sentencing determination for an abuse of discretion.

[4,5] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Lierman, supra*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Janis was 40 years old at the time of sentencing. According to the presentence investigation report, Janis was single and had three children. He completed 8th grade and was unemployed at the time of his arrest. Janis had limited employment history due to his struggle with substance abuse.

Janis' criminal history includes convictions for the following: "Minor Possess/Sell/Dispense/Consume Alcohol" in 2002 ($200 fine); "Driving While Under The Influence Of Alcohol" in 2004 (bench warrant issued); "Interference With A Police Officer" in 2004 (bench warrant issued); "No Valid Driver's License" in 2005 (notice of suspension sent "to the DMV"); "DUI - 1st Offense," "Speeding 11-15 MPH Municipal," "No Operator's License," and "No Proof Of Insurance" in 2007 ($500 fine, license revoked for 6 months, 7 days' jail, and $75 fine); "Simple Assault" in 2012 (7 months' jail and 12 months' supervised release); "Drive During Revocation/Impound" in 2016 (7 days' jail, license revoked for 1 year); and "Drive Under Suspension/Before Reinstated - State" in 2021 (7 days' jail).

The probation officer conducted a "Level of Service Case Management Inventory" as part of the presentence investigation. Janis was assessed as a "Very High" risk to reoffend. He scored in the "Medium" risk range in the criminogenic risk factor domains for criminal history, procriminal attitude, and antisocial pattern. He scored in the "High" risk range in the domains for family/marital and leisure/recreation. He scored in the "Very High" risk range in the domains for education/employment, companions, and alcohol/drug problems. The probation officer also conducted a "Nebraska Driver's Risk Inventory-II." Janis was assessed to be a low risk in the truthfulness category and maximum risk in the categories for alcohol, driver risk, drugs, and stress coping.

Janis has an extensive history of drug and alcohol use. He also admitted to previously using various drugs, such as marijuana, cocaine, and methamphetamine. Janis claimed that he was not consuming alcohol at the time of the presentence

investigation interview and that he intended to abstain from consuming alcohol for the rest of his life.

At the sentencing hearing, Janis' counsel stressed that although Janis had a criminal history, it did not include any felony convictions. Counsel requested that the district court sentence Janis to "time-served as well as a fine." Counsel alternatively requested that the court sentence Janis to a term of probation. Janis personally informed the court that he was "sorry for what [he] did, and, hopefully, [he could] move on with [his] life and put this behind [him]."

The district court stated that it "did consider the remarks of counsel" and "all the statutory factors." The court noted that Janis had a "long criminal record" and that his conduct in this case was "very concerning." It pointed out that Janis was driving at "[s]peeds in excess of 100" while "two times over the legal limit [of] blood alcohol" with "two kids in the car." The court further observed that "two other motorists . . . had to take evasive action to prevent an accident." The court said that Janis was "lucky . . . all this is is a Class IV felony" because the circumstances "could be a lot worse with some fatalities." Given this conduct, the court concluded that "anything less than a period of incarceration would depreciate the seriousness of the offense." It then sentenced Janis as previously set forth. That same day, the court entered a written sentencing order consistent with its earlier oral pronouncement that specifically stated there were "substantial and compelling reasons why [Janis] cannot effectively and safely be supervised in the community."

In his brief on appeal, Janis refers to Neb. Rev. Stat. § 29-2204.02 (Reissue 2016), which requires the imposition of probation for a Class IV felony unless certain exceptions apply. As applicable here, under § 29-2204.02(2)(c) probation does not have to be imposed if "[t]here are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) [factors which

weigh against probation] and (3) [factors which favor probation] of section 29-2260." Further, under § 29-2204.02(3), if "a sentence of probation is not imposed, the court shall state its reasoning on the record." Janis claims the district court failed to adequately consider all relevant factors "as there were not substantial and compelling reasons provided at sentencing as to why Janis could not be effectively and safely supervised in the community." Brief for appellant at 11.

[6] Although § 29-2204.02 does not specifically define the phrase "substantial and compelling," "both terms have commonly understood meanings and it is within the court's discretion to determine that its reasons are weighty enough to be substantial and compelling." *State v. Baxter*, 295 Neb. 496, 508, 888 N.W.2d 726, 735 (2017). Further, § 29-2204.02(3) requires the court "to state its 'reasoning' rather than its 'reasons' on the record." *State v. Baxter*, 295 Neb. at 506, 888 N.W.2d at 734. The court may fulfill this statutory requirement to state its reasoning on the record "by a combination of the sentencing hearing and sentencing order." *Id*. at 507, 888 N.W.2d at 735. The district court sufficiently set forth its reasons and reasoning at the sentencing hearing and in its sentencing order, as set forth above. We find no abuse of discretion by the court in its determination that substantial and compelling reasons exist for why Janis cannot effectively and safely be supervised in the community.

Janis further contends that the district court abused its discretion when it "applied too much emphasis on the nature of the offense . . . and not enough emphasis on the other factors, including whether Janis could appropriately be supervised in the community through an adequate probationary term." Brief for appellant at 9. He notes that he had "long periods of law-abiding behavior" and that his prior convictions were for misdemeanor offenses. *Id*. at 10. He argues that he would benefit from a term of probation because he has various mental health and substance abuse struggles.

The district court had before it all the information that Janis suggests weighs in favor of a lesser sentence. However, the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life, and a sentencing court is accorded very wide discretion in imposing a sentence. See *State v. Rogers*, 297 Neb. 265, 899 N.W.2d 626 (2017). We cannot say the court abused its discretion in determining the sentence imposed.

## PLAIN ERROR

In its brief on appeal, the State argues that the district court committed plain error in failing to order the revocation of Janis' license for a period of 2 years. We agree. Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

Janis was convicted of operating a motor vehicle in a willful reckless manner to avoid arrest under § 28-905(1) and (3)(a)(iii). Section 28-905 provides in relevant part:

(1) Any person who operates any motor vehicle to flee in such vehicle in an effort to avoid arrest or citation commits the offense of operation of a motor vehicle to avoid arrest.

(2)(a) Except as otherwise provided in subsection (3) of this section, any person who violates subsection (1) of this section shall be guilty of a Class I misdemeanor.

(b) The court may . . . order that the operator's license of such person be revoked or impounded for a period of not more than one year . . . .

(3)(a) Any person who violates subsection (1) of this section shall be guilty of a Class IV felony if, in addition to the violation of subsection (1) of this section, one or more of the following also applies:

. . . .

(iii) The flight to avoid arrest includes the willful reckless operation of the motor vehicle.

(b) The court shall, as part of the judgment of conviction under subdivision (a) of this subsection, order that the operator's license of such person be revoked or impounded for a period of two years and order the person not to drive any motor vehicle for any purpose in the State of Nebraska for a like period. The revocation or impoundment shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked.

Notably, when the offense is a misdemeanor under § 28-905(2), the revocation of the offender's driver's license for up to 1 year is discretionary to the sentencing court. However, when the offense qualifies as a Class IV felony, as in Janis' case, the revocation of the offender's driver's license is mandatory. See § 28-905(3)(b). See, also, *State v. Collins*, 307 Neb. 581, 590, 950 N.W.2d 89, 97 (2020) (use of "'may' indicates that license revocation is discretionary when the offense is a misdemeanor" but when the "offense is [a] felony, court 'shall' revoke defendant's license for 2 years").

Janis' offense qualified as a Class IV felony because his flight to avoid arrest included the "willful reckless operation" of a motor vehicle under § 28-905(3)(a)(iii). Because this was a felony, the revocation of Janis' driver's license for 2 years was mandated under the statute. Therefore, the district court's failure to order the revocation or impoundment of Janis' driver's license for a period of 2 years was plain error. See, *State v. Weller*, No. A-20-040, 2020 WL 4778383 (Neb. App. Aug. 18, 2020) (selected for posting to court website) (district court's failure to order 2-year license revocation was

plain error; sentence modified accordingly); *State v. Taylor*, No. A-19-965, 2020 WL 4459417 (Neb. App. Aug. 4, 2020) (selected for posting to court website) (district court's failure to order 2-year license revocation was plain error; sentence modified accordingly). See, also, *State v. Vanness*, 300 Neb. 159, 912 N.W.2d 736 (2018) (trial court's plain error in ordering indeterminate sentences with same minimum and maximum term of years instead of determinate sentences required modification on appeal when trial court's intended sentences were apparent from record and there was no other error in sentencing).

[7] Accordingly, when revocation of an operator's license for a specified period of time is mandated by statute and is not discretionary to the sentencing court, an appellate court may modify a sentencing order to include the statutory revocation period when there are no other errors in sentencing which require remand. See, *State v. Vanness, supra*; *State v. Weller, supra*; *State v. Taylor, supra*. We therefore modify Janis' sentence to correct the plain error and impose a 2-year license revocation in accordance with § 28-905(3)(b).

## CONCLUSION

We affirm Janis' sentence as modified to correct the plain error discussed above. The sentencing order shall be modified to include the requirement that Janis' driver's license shall be revoked for 2 years as required under § 28-905(3)(b).

AFFIRMED AS MODIFIED.